UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINA B. Y.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 2:25-CV-01509-DWC

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").[1] The Court concludes that the administrative law judge ("ALJ") did not err in determining that Plaintiff was not disabled at Step Three of the Social Security sequential process. Accordingly, the decision of the Commissioner of Social Security is affirmed.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 1

## I.      Procedural History

Plaintiff filed her applications for SSI and DIB on August 8, 2022, alleging disability beginning on February 18, 2022. Administrative Record ("AR") 70–71. Her claims were initially denied on January 12, 2023, and upon reconsideration on June 11, 2023. AR 70–71, 94–95. A hearing was held on April 11, 2024, and on June 3, 2024, ALJ Shawn Bozarth ("the ALJ") issued a decision concluding that Plaintiff was not disabled. AR 17–27. Plaintiff's request for review was denied by the Appeals Council on June 9, 2025, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1–3. From this decision, Plaintiff filed a complaint with this Court on August 11, 2025, seeking judicial review of the ALJ's decision denying SSI and DIB. Dkt. 3.

## II.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 2

**III.    Discussion**

In her Opening Brief, Plaintiff argues that the ALJ erred in: (1) finding that she did not meet Listings 12.04 & 12.06 Paragraph B criteria; (2) finding that she did not meet Listing 1.15 criteria; and (3) failing to consider whether Plaintiff met Listing 11.14 criteria. Dkt. 17 at 4–6.[2]

A.    Step Three Standard

At Step Three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" that must be established for an impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (citation omitted). "If a claimant meets or equals a listed impairment [they] will be found disabled at this step without further inquiry." *Id.*; *see also* 20 C.F.R. §§ 404.1520(d), 416.920(d).

An impairment meets a Listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." Social Security Ruling ("SSR") 83–19, 1983 WL 31248, at *2. "Listed impairments are purposefully set at a high level of severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)).

---

[2] On page two of her Opening Brief, Plaintiff "contends the following errors in the [ALJ]'s decision:" (1) that the ALJ erred in "determining [Plaintiff]'s severe impairments"; (2) that the ALJ "erred in weighing the medical opinion evidence and [Plaintiff]'s subjective complaints"; (3) that the ALJ "erred in determining [Plaintiff]'s [RFC]"; and (4) that the "ALJ decision erred in not finding [Plaintiff] disabled under the Medical-Vocational rules." Dkt. 17 at 2. After review, the Court observes that Plaintiff's arguments in her Opening Brief all pertain to Step Three of the Social Security sequential evaluations process, and do not set forth meaningful arguments regarding these four proposed issues. *See* Dkt. 17 at 4–7. Consequently, these arguments are deemed abandoned, and the Court will address Plaintiff's three-part argument regarding Step Three of the Social Security sequential evaluation process in this order. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an argument "because [the plaintiff] failed to argue this issue with any specificity in his briefing").

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 3

The burden of proof is on the claimant to establish that they meet or equal any of the impairments in the Listings at Step Three. *See Tackett*, 180 F.3d at 1098 ("The burden of proof is on the claimant as to steps one to four."). "A generalized assertion of functional problems[,]" however, "is not enough to establish disability at [S]tep [T]hree." *Id.* at 1100 (citing 20 C.F.R. § 404.1526). A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-4p, 1996 WL 374184, at *1. The impairment must be established by medical evidence "consisting of signs, symptoms, and laboratory findings[.]" *Id.* An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248, at *2.

In considering Step Three, the ALJ found that Plaintiff suffered from the severe physical impairments of "depressive disorder, anxiety disorder, cervical spine disorder, degenerative disc disease of the thoracic and lumbar spine, right shoulder impairment, bilateral plantar fasciitis, diabetes mellitus, obesity, and neuropathy." AR 19–20. The ALJ, nonetheless, found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" AR 20.

B.    Medical Impairments under Listings 12.04 & 12.06

Plaintiff contends that the ALJ "erred in finding that [Plaintiff] did not meet Listing[s] 12.04 & 12.06 'Paragraph B' criter[i]a" because she has a "marked or an extreme limitation" in "understanding, remembering, or applying information" and in "concentrating[,] persisting[,] or maintaining pace." Dkt. 17 at 4–5.

Listing 12.04 governs "[d]epressive, bipolar and related disorders[,]" and Listing 12.06 governs "[a]nxiety and obsessive-compulsive disorders[,]" with both containing "three

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 4

paragraphs, designated A, B, and C." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(a)(2). To meet either listing, a claimant's mental disorder must satisfy the requirements of paragraph A and either paragraph B or C. *Id.*

Paragraph A requires medical documentation of certain symptoms. *Id.* at 12.04(A), 12.06(A). Paragraph B requires "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning[,]" including: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself ("paragraph B criteria"). *Id.* at 12.04(B), 12.06(B). Paragraph C requires that the mental disorder be "serious and persistent." *Id.* at 12.04(C), 12.06(C).

A "marked limitation" exists when a claimant's ability to function "independently, appropriately, effectively, and on a sustained basis" in a specific area of functioning "is seriously limited." *Id.* at 12.00(F)(2)(d). An extreme limitation exists in a functional area when the claimant is "not able to function in this area independently, appropriately, effectively, and on a sustained basis." *Id.* at 12.00(F)(2)(e).

      i.      *Paragraph B Criteria: Understanding, Remembering, or Applying Information*

As noted above, to meet Listing 12.04 or 12.06, a claimant must establish an "extreme limitation of one, or marked limitation of two," of the paragraph B criteria. *Id.* at 12.04(B), 12.06(B). Plaintiff argues that the ALJ erred in finding that Plaintiff did not have a "marked or an extreme limitation" as to the first paragraph B criteria, "understanding, remembering, or applying information[,]" because she "struggles to stay on topic and often needs to be redirected or reminded of the question she is answering in an interview[,]" she "often needs instructions repeated, has difficulty with her memory and can only pay attention for about 20 minutes at a time[,]" she "struggle[s] to remember if she has taken her medication[,]" and when she was

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 5

asked to remember three words, after five minutes, she could not remember one of the words. Dkt. 17 at 4.

Plaintiff contends that when "asked to do digit spans backwards and forwards, [she] could perform two out of six sequences correctly[,]" struggled to spell "world" backwards, and could not interpret the phrase "don't count your chickens before they hatch." *Id.* Plaintiff also contends that there were "severe concerns" with her memory, that medical examiners found her memory and thinking skills "atypical" when compared with age-matched peers, and "profound concerns" with Plaintiff's "immediate memory, delayed memory[,] and attention." *Id.* at 5. The ALJ found Plaintiff had a "moderate limitation" in the paragraph B criteria because Plaintiff's "memory was intact for recent and remote events on mental status examinations, but she recalled only 1/3 objects with a prompt." AR 20.

The burden of proof is on Plaintiff to establish that she meets or equals any of the Listings at Step Three. *See Tackett*, 180 F.3d at 1098. Despite Plaintiff's claims that she suffered "severe or marked" limitations in the paragraph B criteria, "generalized assertion[s] of functional problems . . . [are] not enough to establish disability at [S]tep [T]hree." *Id.* at 1100. Plaintiff does not explain how the evidence that she identifies demonstrates *marked* limitations—that is, how this evidence demonstrates Plaintiff's ability to function "independently, appropriately, effectively, and on a sustained basis" in understanding, remembering, or applying information "is seriously limited." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(d). Nor does Plaintiff explain how the aforementioned evidence establishes that she is "not able to function in this area independently, appropriately, effectively, and on a sustained basis[,]" as is required for a finding of an "extreme" limitation under Listings 12.04 and 12.06. *Id.* at 12.00(F)(2)(e); *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 6

upheld."); *Ashby v. Berryhill*, No. 2:17-CV-01576-DWC, 2018 WL 1725541, at *4 (observing no error where "the plaintiff offered no theory, plausible or otherwise, as to how his impairments combined to equal a listed impairment or pointed to evidence showing his combined impairments equal a listed impairment"). Therefore, the ALJ did not err when he found a moderate limitation in Plaintiff's ability to understand, remember, or apply information when considering Listings 12.04 and 12.06.

    ii.    *Paragraph B Criteria: Concentrating, Persisting, or Maintaining Pace*

        As for "concentrating, persisting, or maintaining pace," Plaintiff argues that the ALJ's finding of moderate limitations was error because the ALJ "only points to a single consultative examiner wh[o] noted that [Plaintiff] had moderate limitations in focus and attention during periods of heightened stress and anxiety." Dkt. 17 at 5. Plaintiff, again, contends that she had a "marked or an extreme limitation" in this area because she "can only focus for 20 minutes at a time[,] . . . is often confused[,] and has a hard time focusing." *Id.* The ALJ found that, in "concentrating, persisting or maintaining pace, [Plaintiff] has a moderate limitation. The consultative examiner noted [Plaintiff] had moderate limitations in focus and attention during periods of heightened stress and anxiety." AR 20.

        Once again, Plaintiff does not identify any evidence in the record establishing that she suffers from an "extreme" or "marked" limitation in concentrating, persisting, or maintaining pace, Dkt. 17 at 5, and here too, mental assessments throughout the record repeatedly found that Plaintiff had only "moderate" limitations in this criteria. *See* AR 75, 86, 99, 103, 109, 113. Although Plaintiff interprets this evidence differently than the ALJ, Plaintiff has not shown that the ALJ erred in concluding that her limitations under this paragraph B criteria were "moderate[,]" AR 20, nor does she identify any evidence in the record where her limitations in these areas of functioning were considered to be "marked" or "extreme[,]" beyond her own

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 7

assertions of such limitations. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled."); *see also Morgan*, 169 F.3d at 599 ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Absent a showing of a "marked limitation" in two of the paragraph B criteria, or an "extreme" limitation in one of the paragraph B criteria, Plaintiff was not entitled to a finding of disability at Step Three under Listings 12.04 and 12.06. *See* SSR 83-19, 1983 WL 31248, at *2 (an impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment"). For this reason, the Court concludes the ALJ did not err in declining to find disability at Step Three under Listings 12.04 and 12.06.

C.      Medical Impairments under Listing 1.15

Next, Plaintiff argues that the ALJ "erred [in] finding that [she] did not meet Listing 1.15 criter[i]a" because she "fulfills the requirements of the criteria A through D." Dkt. 17 at 5–6.

Listing 1.15 governs "[d]isorders of the skeletal spine resulting in compromise of a nerve root(s)" and is "documented by [paragraphs] A, B, C, *and* D[.]" 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.15 (emphasis in original). Critically, for purposes of this order, paragraph C requires "[f]indings on imaging . . . consistent with compromise of a nerve root(s) in the cervical or lumbosacral spine." *Id.* at 1.15(C). Imaging, for purposes of "musculoskeletal disorders[,]" refers to "medical imaging techniques, such as x-ray, computed tomography (CT), magnetic resonance imaging (MRI), and radionuclide scanning." *Id.* at 1.00(C)(3)(a).

Plaintiff argues that she satisfied Listing 1.15 because she "suffered from radiculitis, which involves the inflammation, compression, or irritation of a spinal nerve root." Dkt. 17 at 5. She also "testified at her hearing to being unable to 'wipe [her] behind' or 'reach back[,]'" *id.*, "frequently dropping things due to lack of control[,]" and "experience[d] these symptoms

primarily on her dominant side." *Id.* at 6. Plaintiff also argues that she "has undergone several treatments for her radiculitis, including managing the pain through medications and branch blocks" which "have the effect of reducing [Plaintiff]'s sensation." *Id.* The ALJ found that "[t]he medical evidence does not support the conclusion that [Plaintiff] meets or medically equals any of the listed impairments including Listing 1.15, Disorders of the Skeletal Spine[,] as there is no evidence of nerve root compromise *on imaging*[.]" AR 20 (emphasis added).

As noted above, in order to satisfy Listing 1.15, a claimant must satisfy paragraphs "A, B, C, *and* D[,]" 20 C.F.R. Pt. 404, Subpt. P, App. at 1.15, and paragraph C requires "[f]indings on imaging . . . consistent with compromise of a nerve root(s) in the cervical or lumbosacral spine." *Id.* at 1.15(C). As the ALJ observed, "there is no evidence of nerve root compromise *on imaging*[.]" AR 20 (emphasis added). Indeed, medical records show that Plaintiff underwent a "CT scan which showed no acute abnormality[,]" in May 2021, AR 2020, and an MRI conducted on May 26, 2022, revealed "[s]table appearance of the cervical spine MRI. Stable alignment and spondylosis. Stable multilevel thecal sac narrowing and mild anterior cord indentation. Stable multilevel foraminal narrowing." AR 2128–29.

Despite Plaintiff's argument, she identifies no evidence in the record demonstrating "[f]indings on imaging . . . consistent with compromise of a nerve root(s) in the cervical or lumbosacral spine[,]" as is necessary to establish disability under this Listing. 20 C.F.R. Pt. 404, Subpt. P, App. at 1.15(C). Moreover, she does not contend that the CT scan or MRI results discussed *supra* were consistent with compromise of a nerve root, nor that her spinal x-ray results are consistent with compromise of a nerve root.[3] Dkt. 17 at 5–6.

---

[3] An x-ray conducted on August 6, 2021, found that Plaintiff had "[s]traightening/reversal of the normal cervical lordosis redemonstrated with anatomic alignment. No evidence of fracture. No instability, with limited neck extension. Very subtle degenerative change with minimal uncovertebral joint hypertrophy minor disc space narrowing.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 9

Again, the burden of proof "is on [Plaintiff] as to steps one to four" of the Social Security sequential evaluation, *see Tackett*, 180 F.3d at 1098, and here too, Plaintiff failed to meet her burden of showing *findings on imaging* consistent with compromise of nerve root(s) in the cervical or lumbosacral spine, in order to establish disability pursuant to paragraph C of Listing 1.15. *See* Dkt. 17 at 5–6; *see also Ashby*, 2018 WL 1725541, at *4. Accordingly, the ALJ did not err in finding that Plaintiff did not satisfy the paragraph C criteria of Listing 1.15 and that Plaintiff was not entitled to a finding of disability at Step Three under Listing 1.15.

D.      Medical Impairments under Listing 11.14

Finally, Plaintiff argues that the ALJ "erred in failing to consider whether [she] met Listing 11.14 criter[i]a" for "peripheral neuropathy." Dkt. 17 at 6. Listing 11.14 governs "peripheral neuropathy" and requires satisfying Paragraph "A or B." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 11.14.

Paragraph A requires "[d]isorganization of motor function in two extremities . . . resulting in an extreme limitation . . . in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities." *Id.* at 11.14(A). Paragraph B requires a "[m]arked limitation in physical functioning and in one of the following:" the claimant's ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; or adapt or manage oneself. *Id.* at 11.14(B). An extreme limitation "means the inability to stand up from a seated position, maintain balance in a standing

---

Prevertebral soft tissue contour is within normal limits." AR 2164, 3517. Plaintiff does not contend that this x-ray's findings are "consistent with compromise of a nerve root(s)" pursuant to paragraph C of Listing 1.15. Dkt. 17 at 5–6. Another x-ray was conducted on October 4, 2022, and showed "[a]lignment is anatomic, without radiographic evidence of fracture. Lower lumbar degenerative disc disease which is mild/moderate L5-S1 and mild L4-5. Endplate spurring is also present at these levels. Facet degeneration [of] the lower lumbar spine." AR 4130. Here, again, Plaintiff does not contend that this x-ray imaging conflicts with her normal CT scan and MRI, nor that it demonstrates compromise of a nerve root. Dkt. 17 at 5–6; s*ee also Morgan*, 169 F.3d at 599 ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 10

position and while walking, or use your upper extremities to independently initiate, sustain, and complete work-related activities." *Id.* at 11.00(D)(2). A marked limitation means "seriously limited in the ability to independently initiate, sustain, and complete work-related physical activities." *Id.* at 11.00(G)(2).

Plaintiff argues that the ALJ "erred in finding that [Plaintiff] did not fulfill the criteria for [L]isting 11.14" because Plaintiff "has a prescription for and has testified to taking 1800 mg of gabapentin per day for peripheral neuropathy" which has "many possible side effects to non-exhaustively include drowsiness, memory loss, difficult speaking/slurred speech, and movement or coordination problems." Dkt. 17 at 6. Plaintiff argues that when she "is not taking her prescribed gabapentin, she meets the criteria for 11.14(A)[,] [w]hen she does, the side effects cause her to meet criteria for 11.14(B)." *Id.* at 6–7.

Plaintiff does not identify how *failing to take* her prescription gabapentin necessarily established disorganization of motor function in two extremities that resulted in an extreme limitation under paragraph A, nor does Plaintiff demonstrate how *taking* gabapentin necessarily established that she had a "marked limitation" in her physical functioning *and* one of the four paragraph B criteria under Listing 11.14. *See* Dkt. 17 at 6–7.[4] Furthermore, Plaintiff's representative did not assert that Plaintiff met or equaled this listing at the hearing. AR 33–69.

Plaintiff further contends that she "testified that she is unable to get up from her bathtub and experiences extreme difficulty getting out of bed each day." Dkt. 17 at 6. Nonetheless, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . there must be medical signs and findings[.]" 42 U.S.C. § 423(d)(5)(A); *see also* 20

---

[4] The record demonstrates that Plaintiff had a "moderate" limitation in the paragraph B criteria found in Listings 12.04 and 12.06, which are the same paragraph B criteria found in Listing 11.14. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04(B), 12.06(B), 11.14(B) (including: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 11

C.F.R. §§ 404.1529(a), 416.929(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled.").

Despite Plaintiff's contention that the ALJ erred in failing to consider whether she met the Listing 11.14 criteria, once again, the burden is on Plaintiff to establish disability at Step Three of the Social Security evaluation process. Here, Plaintiff fails to establish that she satisfied the criteria of paragraph A or paragraph B under Listing 11.14, and for this reason, the ALJ did not err in failing to consider whether Plaintiff was disabled at Step Three under Listing 11.14.

**IV.    Conclusion**

Based on the foregoing reasons, the Court concludes that the ALJ did not err in concluding that Plaintiff was not disabled. Accordingly, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 23rd day of April, 2026.

David W. Christel
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 12